# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-1067

_____

JEFFREY TAYLOR MADDEN,

  Appellant,

  v.

STATE OF FLORIDA,

  Appellee.

_____

On appeal from the Circuit Court for Levy County.
William E. Davis, Judge.

May 27, 2026

PER CURIAM.

Jeffrey Madden appeals from his final judgment and sentence for seven crimes.  He raises several issues.  We write to address one, and we affirm.

Some of the charged crimes arose from Madden crashing his vehicle into the victim's vehicle.  During trial, the State presented numerous photos of the crash scene and the vehicles.  Some of the photos showed that Madden's vehicle had a Confederate flag tag affixed to the front.  Madden objected to these photos' admission, arguing that their prejudicial effect substantially outweighed their probative value.  The State responded that the photos were

relevant to show damage and paint transfer from the collision, which would illustrate both where and how hard Madden's vehicle hit the victim's vehicle. Madden asserted that the Confederate flag tag could be redacted, but the State pointed out that some of the relevant damage and paint was on the tag.

The record shows that the trial court reviewed each photo, admitted some, and removed duplicative ones. The State did not belabor the photos when sharing them with the jury and excluded ones that showed the tag from the exhibit stack that the jury would have for deliberations. One photo was briefly shown during the State's closing argument. On appeal, Madden asserts that the trial court erred by admitting the photos and that he was unfairly prejudiced.

"Generally, the admission of photographic evidence is within the trial judge's discretion and . . . will not be disturbed on appeal unless there is a clear showing of abuse." *Pangburn v. State*, 661 So. 2d 1182, 1187 (Fla. 1995). Even so, "trial judges should carefully scrutinize photographs for prejudicial effect, especially when less graphic photographs are available to illustrate the same point." *Id*. In *Pangburn*, the supreme court concluded that the trial court did not abuse its discretion in admitting prejudicial photos, highlighting that the trial court "specifically viewed the pictures after defense counsel objected" and that the photos were relevant. *Id*. at 1188. Indeed, as we have noted before, the test for admissibility of photos is "relevancy rather than necessity." *Harris v. State*, 397 So. 3d 833, 835 (Fla. 1st DCA 2024) (quoting *Pope v. State*, 679 So. 2d 710, 713 (Fla. 1996)).

Here, the record shows that the photos were relevant and that photos without the tag could not have illustrated the same point. The record also shows that the trial court carefully reviewed each photo and checked for duplicative ones. Finally, the record shows that the State did not dwell on any photo that showed the tag. Given these facts, it cannot be said that the trial court abused its discretion in admitting the photos. *See also Zack v. State*, 911 So. 2d 1190, 1210 (Fla. 2005) (finding no merit in the claim that the Confederate flag visible on the defendant's hat rendered the hat inadmissible, as the hat was relevant).

2

AFFIRMED.

ROWE, RAY, and LONG, JJ., concur.

————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

————————————————

Steven G. Frisco of Rush & Frisco Law, Gainesville, for Appellant.

James Uthmeier, Attorney General, and Steven E. Woods, Assistant Attorney General, Tallahassee, for Appellee.